**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADVANCED MICROSCOPY INC., | § | |
| | § | |
| Plaintiff, | § | Case No.: _____ |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| ZYGO CORPORATION | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ADVANCED MICROSCOPY INC. ("Plaintiff") files this Original Complaint against Defendant ZYGO CORPORATION, alleging as follows:

### I. THE PARTIES

1. ADVANCED MICROSCOPY INC. ("Plaintiff") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Costa Mesa, California.

2. Upon information and belief, Defendant ZYGO CORPORATION ("Zygo" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Middlefield, CT. Zygo may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

### II. JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant has had minimum contacts with the District of Delaware such that this venue is fair and reasonable. Defendant is a corporation

1

existing under the laws of the State of Delaware, and Defendant has committed such purposeful acts and/or transactions in this district that it reasonably should know and expect that it could be hauled into this Court as a consequence of such activity. Upon information and belief, Defendant has transacted and, at the time of the filing of this Complaint, is transacting business within the District of Delaware.

5. Further, upon information and belief, Defendant manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and/or purchased in the District of Delaware. Defendant directly and/or through its distribution network, places infringing products or systems within the stream of commerce, which stream is directed, at least in part, at this district, with the knowledge and/or understanding that those products will be sold and/or used in the State of Delaware.

6. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

7. On November 6, 2001, United States Patent No. 6,313,452 ("the '452 Patent") was duly and legally issued for a "MICROSCOPY SYSTEM UTILIZING A PLURALITY OF IMAGES FOR ENHANCED IMAGE PROCESSING CAPABILITIES." A true and correct copy of the '452 Patent is attached hereto as Exhibit "A" and made a part hereof.

8. By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '452 Patent, with all rights to enforce it against infringers and to collect damages for all relevant times, including the right to prosecute this action.

9. On information and belief, Defendant, without authority, consent, right, or license, and in direct infringement of the '452 Patent, manufactures, has manufactured, makes,

has made, uses, imports, has imported, markets, sells, or offers for sale systems or products that directly infringe one or more claims of the '452 Patent. By way of example only, Defendant's use, sale, or offer for sale of the Zygo NewView 7300 Optical Profiler is one such system. This system includes an automated, digital microscope with a motorized stage and 3 controllable magnifying lens; image and video capture functionality (invluding a VGA camera or 1K camera) capable of capturing a series of images; and metrology software package MetroPro and the MetroPro Stitching Application with its overlapping and image stitching functions for installation on a Windows PC. This system infringes at least Claim 1 of the '452 Patent.

10. Further, upon information and belief, Defendant induces and/or contributes to the infringement of one or more of the claims of the '452 patent by others and is therefore liable for its indirect infringement, as described further below.

11. Defendant has had knowledge of the '452 Patent and knowledge of its infringement since at least as early as the filing of this suit.

12. On information and belief, University of Hartford, through its College of Engineering, Technology, and Architecture Center for Manufacturing and Metrology, directly infringes at least claim 1 of the '452 Patent by using, in the U.S., an infringing product or system like the ones described above.

13. On information and belief, Defendant possessed a specific intent to induce direct infringement by its customers, as evidenced by, at a minimum, its efforts to provide or make available instructions, literature, or brochures on how to use the product or system in a way that would infringe the '452 Patent. For example, Defendant provides instructions to its customers on how to use its infringing systems to combine multiple images, such as (but not limited to) those found at http://83.169.23.21/files/downloads/zygo/fr/zygo_newview7300spec_fr01.pdf. That

intent is also evidenced by its decision to provide equipment to a laboratory or research facility in which to conduct infringing activities.

14. Specifically, and upon information and belief, Defendant actively induces at least University of Hartford, its faculty, and/or its students to infringe the '452 Patent by advertising or publishing an infringing use of its infringing product or system. For example, Defendant advertises an infringing use of an infringing product or system by providing product manuals and literature to explain the operation of its equipment and by providing equipment to a laboratory or research facility in which to conduct infringing activities.

15. Upon information and belief, the overlapping and image stitching functions of Zygo's MetroPro Stitching Application has no substantial non-infringing use. Further, upon information and belief, Defendant knows that certain of its products, such as the MetroPro Stitching Application, with its overlapping and image stitching capabilities, are especially made or especially adapted for use in a system that infringes the '452 Patent.

16. Plaintiff expressly reserves the right to assert additional claims of the '452 Patent.

17. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18. Upon information and belief, Defendant will continue its infringement of the '452 Patent unless enjoined by the Court. Defendant's infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV. JURY DEMAND

19. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '452 Patent have been directly infringed, either literally or under the doctrine of equivalents, by Defendant, or judgment that one or more of the claims of the '452 patent have been directly infringed by others and indirectly infringed by Defendant, to the extent Defendant contributed to or induced such direct infringement by others;

b. Pursuant to 35 U.S.C. § 284, judgment that Defendant account for and pay to Plaintiff all damages, including treble damages, and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including Defendant's willful infringement;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

e. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of the '452 Patent;

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 4, 2015

Of Counsel:

David A. Skeels
Todd I. Blumenfeld
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817-334-0400
Fax: 817-334-0401
skeels@fsclaw.com
blumenfeld@fsclaw.com

Respectfully submitted,

FARNAN LLP

/s/Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

ATTORNEYS FOR PLAINTIFF
ADVANCED MICROSCOPY INC.